### Norvin Holland v. The State.

#### No. 4697.   Decided October .23, 1918.

**1.—Murder—Insanity—Charge of Court.**

Where, upon trial of murder and conviction of manslaughter, the evidence did not show that defendant had ever been adjudged insane, or that the character of his insanity was permanent, there was no error in the court's refusal to submit a charge that the State must show by a preponderance of evidence that the defendant had recovered from his insanity before he committed the alleged offense, the court having given a proper charge on the question of insanity.

**2.—Same—Charge of Court—Conspiracy.**

Where, upon trial of murder, the State claimed a conspiracy; there was no error ·in admitting the declaration of one of the conspirators in the absence of the defendant, but the court should have submitted a charge that the jury could not consider the acts and declaration of said conspirator, made in the absence of defendant, for the purpose of establishing the conspiracy.

**3.—Same—Charge of Court—Conspiracy.**

Where, upon trial of murder, the State claimed a conspiracy and the court in his charge required the jury to find that the defendant must not have known anything of the difficulty and must not have been concerned in the conspiracy, the same was reversible error.

Appeal from the District Court of Callahan. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

J. F. Cunningham, for appellant.—On question of court's charge on insanity: Simms v. State, 50 Texas Crim. Rep., 563; Wooten v. State, 51 id., 428.

On question of charge of conspiracy: Smith v. State, 46 Texas Crim. Rep., 267, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is a second appeal from a conviction for manslaughter. The decision in the first is reported in 80 Texas Crim. Rep., 637. While the proof on this trial was perhaps clearer and stronger against appellant than on the first, a sufficient statement of the case was made on the first so as to make a statement now unnecessary. None of the questions raised on the first appeal arise on this. There are but few questions to be passed upon.

Appellant contends that the court below erred in not charging the jury that, if they believed from the evidence that before the commission of the offense charged the proof showed that he was ·insane and his insanity was of a permanent character, then the law presumed that he was insane at the time the offense was committed, unless the State had shown by a preponderance of evidence that the defendant had recovered from his insanity before he committed the act in question. In some cases a charge of ·this character is necessary, but this case does not come within that rule. Some of the evidence herein may have tended to show that appellant may have been somewhat insane because of severe illness some five or six years before he is charged with the commission of this offense, but it does not show that he had ever been adjudged insane, nor that the character of his insanity was permanent. The State contended he was never insane. The evidence did not authorize or justify the court in charging as claimed by appellant.

Neither did the court err in his general charge on the subject of insanity, and in submitting that question to the jury. His charge was substantially in accordance with the charges on that subject many times approved by this court.

The State proved by. two witnesses, Gamble and Ford, declarations made by Dorman Holland to them in the absence of appellant, some few days before Dorman Holland killed deceased. This evidence was clearly admissible on the theory, amply supported by the testimony, that the three brothers, appellant, Dorman and Hill Holland, entered into a conspiracy to do deceased great violence. The court in his charge failed to instruct the jury that they could not consider the acts and declarations of Dorman Holland, made in the absence of appellant, for the purpose of establishing a conspiracy. Appellant properly objected to the court's charge on that account, and was allowed a proper bill. The court erred in not so instructing the jury.

Appellant has another objection to the court's charge which, we think, also shows error. The charge is to this effect, that if the jury believed from the evidence that Dorman Holland knew nothing of the difficulty between the defendant and deceased, *and* was not concerned and did not know of any conspiracy or agreement, and was not a party to any conspiracy or agreement, to whip the deceased, etc., if there was any such conspiracy, then in the balance of the charge submitting that under

those circumstances, in effect, he would have the right to ·kill the deceased in protection of Norvin, his brother. It would be wholly unnecessary for the jury to believe that Dorman Holland knew nothing of the said difficulty,' if, as a matter of fact, he did not enter into the conspiracy. He might have known the fact and still not have entered into the conspiracy. The court in his charge couples both of these things with the conjunctive "and" that he must have known nothing of the difficulty and was not concerned, etc. in the conspiracy. This charge should be. corrected on another trial.

Reversed and remanded.

*Reversed and remanded.*